UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| MICHAEL A. WILLIAMS,<br><br>　　　Petitioner,<br><br>V.<br><br>COMMONWEALTH OF KENTUCKY,<br><br>　　　Respondent. | Civil Action No. 5: 20-404-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael A. Williams is a pre-trial detainee currently confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding without counsel, Williams has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Williams has neither paid the $5.00 filing fee nor has he filed a motion to proceed *in forma pauperis*.

Even so, the Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Williams' petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I.**

Williams is currently being held in the FCDC pending resolution of state criminal charges filed against him by the Commonwealth of Kentucky in *Commonwealth v. Williams*, No. 20-cr-047 (Mercer Cir. Ct. 2020). A review of the state court records indicates that Williams was charged in a March 11, 2020 indictment with one count of burglary in the third degree in violation of KRS 511.040 and one count of theft by unlawful taking or disposition in violation of KRS 514.030(2).[1] His petition requests that this Court dismiss the indictment on the grounds that he has not been afforded his right to a speedy trial as guaranteed by the United States and Kentucky Constitutions. He also claims that this violates his rights to due process. [R. 1]

While a habeas corpus petition filed under § 2241 by a pretrial detainee in state custody may be used to challenge his prosecution prior to judgment, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), the instances in which a pretrial detainee may do so are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Indeed, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). As further explained by the United States Court of Appeals for the Sixth Circuit in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve

---

[1] The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. *See* Fed. R. Evid. 902(5).

> constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes. **This argument is especially forceful in a situation involving a speedy trial claim, because the drastic nature of the relief usually granted, dismissal of the case,...could not be more disruptive of pending state actions.**

*Id*. (citations omitted)(emphasis added). *See also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010). Indeed, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810. *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985) (noting that "exhaustion of state remedies is required in the absence of unusual circumstances..., and has often been required when a petitioner asserts in a petition for a writ of habeas corpus prior to trial that his right to a speedy trial had been violated.")(citations omitted).

Here, a review of the state court records shows that Williams filed a motion for a speedy trial in the Mercer Circuit Court on August 3, 2020. *See Commonwealth v. Williams*, No. 20-cr-047 (Mercer Cir. Ct. 2020), available at https://kcoj.kycourts.net/CourtNet/Search/Index (last viewed on October 6, 2020). The online records do not reflect that the Mercer Circuit Court has ruled on Williams' motion. However, even if Williams' request for relief had been denied, he is still required to have pursued his claims further with the Kentucky Court of Appeals and/or the

Supreme Court of Kentucky before pursuing his claims in this Court. A review of the online records for both courts indicates that no further requests for relief have been filed by Williams. *See* Office of the Clerk of the Appeals Court of Kentucky, Case Information, http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm (last visited October 6, 2020); Office of the Clerk of the Supreme Court of Kentucky, Supreme Court Case Information, http://apps.courts.ky.gov/supreme/sc_dockets.shtm (last visited October 6, 2020). Thus, Williams does not appear to have exhausted his available state court remedies with respect to his speedy trial claims.

Nor do the allegations of Williams' petition suggest the existence of other "special circumstances" that would warrant this Court's intervention into Williams' Kentucky criminal proceedings. To the contrary, the state court records reflect that Williams is being represented by counsel in his Kentucky criminal case who appears to be actively seeking relief from the Mercer Circuit Court with respect to Williams' rights to a speedy trial.

For all of these reasons, considerations of federalism and comity strongly counsel against this Court's intrusion into Williams' Kentucky criminal proceedings. Thus, this Court will abstain from exercising habeas jurisdiction over Williams' claims and deny his § 2241 petition without prejudice to afford him the opportunity to exhaust his remedies available through the Kentucky court system prior to seeking federal habeas relief.

## II.

Shortly after filing his initial pleading, Williams filed a document styled as a "Complaint for violations under 42 U.S.C. § 1983 Civil Rights Act Ineffective Assistance." [R. 4] The Court will construe Williams' pleading as a motion to amend his § 2241 petition, which will be denied.

First, to properly initiate a civil action, a plaintiff must pay the $350.00 filing fee *and* the $50.00 administrative fee, or file a motion to proceed *in forma pauperis*. Williams has done neither.

In addition, Williams' civil rights claims brought pursuant to 42 U.S.C. § 1983 may not be pursued in a § 2241 proceeding but must be pursued in a separate civil action. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id.; see also Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). And, as discussed above, the circumstances under which a state pretrial detainee may pursue relief from his prosecution prior to judgment via a habeas corpus petition filed under § 2241 are rare. Regardless, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

Thus, a state prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he may only assert such claims by filing suit under 42 U.S.C. § 1983. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th

5

Cir. 2004)).  Should Williams wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.[2]

Accordingly, it is hereby **ORDERED** as follows:

1. Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**.

2. Williams' "Complaint for violations under 42 U.S.C. § 1983 Civil Rights Act Ineffective Assistance," [R. 4], construed as a motion to amend his § 2241 petition, is **DENIED WITHOUT PREJUDICE**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. The Court will enter an appropriate judgment.

Dated October 06, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[2] Williams is advised that, should he file a complaint asserting civil rights claims related to his ongoing state prosecution, this Court would likely abstain from resolving his federal civil rights claims until the resolution of his state prosecution under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), which held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. *See also Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).